Per Curiam.

Petitioner’s primary contention relates to the validity of his indictment. He attacks the indictment on various grounds, the first being that there was an improper amendment thereto. Because of the confusion in this matter, the original court records of Cuyahoga County were ordered introduced into evidence. The petitioner contends that the name of the decedent was changed from Eddie to Essie Walker. An examination of the original indictment shows that petitioner was indicted for the killing of Essie Walker for which crime he was tried and convicted. The only amendment made to the indictment was by stipulation during the trial when petitioner’s correct name was inserted in the indictment. This kind of amendment is permissible under Section 2941.30, Revised Code. Petitioner claims that the indictment was altered or counterfeited. Apparently, petitioner’s argument is based on typographical errors made in other actions which he pursued in an attempt to procure his release. None of these occurred during or relate to his original trial.
*187 Next, petitioner urges that his indictment was void for failing to allege an intent to kill. The pertinent parts of petitioner’s indictment read as follows:
“The jurors of the Grand Jury of the state of Ohio, within and for the body of the county aforesaid, on their oaths, in the name and by the authority of the state of Ohio,
“Do find and present, that Joseph White, correct name, Apee Hamp Chapman on or about the 8th day of February, 1953, at the county aforesaid, unlawfully, purposely and of deliberate and premeditated malice killed Essie Walker, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Ohio.”
Section 2941.05, Revised Code, provides:
“In an indictment or information charging an offense, each court [count] shall contain, and is sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified. Such statement may be made in ordinary and concise language without any technical averments or any allegations not essential to be proved. It may be in the words of the section of the Revised Code describing the offense or declaring the matter charged to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is charged. ’ ’
Section 2901.01, Revised Code, defines, as follows, murder in the first degree:
“No person shall purposely, and either of deliberate and premeditated malice, or by means of poison, or in perpetrating or attempting to perpetrate rape, arson, robbery, or burglary, kill another.
“Whoever violates this section is guilty of murder in the first degree and shall be punished by death unless the jury trying the accused recommends mercy, in which case the punishment shall be imprisonment for life.
“Murder in the first degree is a capital crime under Sections 9 and 10 of Article 1, Ohio Constitution.”
An examination of these sections together with the indictment shows that the indictment was in the words of the statute and was valid on its face. Although it is true that intent is a basic element of the crime of murder in the first degree, an *188 allegation that the aeensed purposely killed is equivalent to an allegation that the accused intentionally killed. ‘ ‘ Intentionally ’ ’ and “purposely” are synonymous in this regard.
Petitioner claims that the indictment was void for failure to set out the lesser included offenses which arise out of a homicide. It is, of course, true that where one is indicted for murder in the first degree the jury may find him guilty of any lesser included offense. Martz v. State, 26 Ohio St., 162; Section 2945.74, Revised Code. However, although an accused may be convicted of a lesser included offense, it is not necessary that each lesser included offense of a crime he set forth in the indictment.
Petitioner alleges generally that the indictment was defective for failure to set forth the time and place and type of weapon used in commission of the crime. None of these are essential elements in an indictment, and if petitioner required such information it was available to him by means of a bill of particulars. Section 2941.07, Revised Code.
Petitioner urges also as ground for his relief that he was denied a preliminary hearing. The purpose of a preliminary hearing in Ohio is merely what the term implies. It is not to hear all the evidence and determine the guilt or innocence of the accused but rather to determine whether sufficient evidence exists to warrant binding the accused over to the grand jury, where, after a more thorough investigation of the evidence, it is then determined whether a formal charge shall be made against the accused. This together with the setting of bail in bailable offenses is the purpose of the preliminary examination. No rights or defenses are lost for failure to have such hearing. Once an indictment is returned against an accused, a plea to such indictment obviates the necessity for a preliminary examination. 4 Wharton’s Criminal Law and Procedure, 287, Section 1619; annotation, 116 A. L. R., 550. The want of a preliminary examination is not a ground for relief by habeas corpus after conviction. Norton v. Green, Supt., 173 Ohio St., 531; and State, ex rel. Adams, v. Rigg, 252 Minn., 283.
Petitioner alleges perjury by one of the state’s witnesses. Even if this was true, it was an irregularity in the trial of the ease which would have to be raised on appeal and not by means *189 of habeas corpus. Grove v. Maxwell, Warden, 173 Ohio St., 559.
The final reason advanced by the petitioner as a ground for relief by habeas corpus is that during his trial the jurors were allowed to separate and go home for the weekend. The sequestration of jurors during a trial lies within the discretion of the trial court. Section 2945.31, Revised Code, reads as follows:
“After the trial has commenced, before or after the jury is sworn, the court may order the jurors to be kept in charge of proper officers, or they may be permitted to separate during the trial. If the jurors are kept in charge of officers of the court, proper arrangements shall be made for their care, maintenance, and comfort, under the orders and direction of the court. In case of necessity the court may permit temporary separation of the jurors.”
Thus, only if an abuse of discretion is claimed is such a decision reviewable and then only by appeal and not by habeas corpus.
Under the provisions of Section 2945.33, Revised Code, it is only after a case has been submitted that it is necessary that the jury be kept together until a verdict is reached.
Petitioner has made a motion challenging the hearing by the Master Commissioners of the Supreme Court in the present case. This procedure having been adopted by a duly promulgated rule of the Supreme Court, this motion is overruled. A further motion was made by petitioner demanding the presence of a shorthand reporter at this hearing. He bases his demand on Section 2725.26, Revised Code, which reads as follows:
“The proceedings upon a writ of habeas corpus must be recorded by the clerk of the court in which such proceedings were had, and may be reviewed on appeal as in other cases.”
This section has no relationship to the furnishing of shorthand reporters to report the testimony at habeas corpus proceedings but refers merely to the records of such proceedings in the permanent files of this court.
Petitioner in the instant case was properly indicted by the grand jury and had a complete trial before a jury while represented by counsel of his own choosing. The errors which he has urged as to his indictment, so far as the amendment thereto, *190 relate solely to habeas corpus proceedings which occurred after his trial and conviction for the crime for which he was indicted. Petitioner has shown no lack of jurisdiction of the trial court over either his person or the subject matter, nor has he shown any deprivation of his constitutional rights.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.